IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM SHANE SANFORD,

    Plaintiff,

v.

                                                                                                                    No. 1:19-cv-01018-JDB-jay

FORD MOTOR COMPANY,

    Defendant.

_____

ORDER OF DISMISSAL WITHOUT PREJUDICE
_____

        This action was initially brought on October 26, 2018, in the Circuit Court for Obion County, Tennessee, by the Plaintiff, William Shane Sanford, against the Defendant, Ford Motor Company ("Ford"), and removed to this Court on January 28, 2019. (Docket Entry ("D.E.") 1.) On April 25, 2019, the Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (D.E. 18.) After Plaintiff failed to respond to the pending motion, the Court entered an order, on June 7, 2019, directing him to show cause, within eleven days, why the case should not be dismissed for failure to prosecute.[1] (D.E. 19.) In the order, the Court warned that "[f]ailure to timely respond to this order will result in dismissal." (*Id.* at PageID 75.) Ford timely responded to the show cause order, requesting dismissal of the complaint for failure to prosecute. (D.E. 20.) Sanford filed no response to the show cause directive, and the time for doing so has expired.

---

[1]The order also addressed the failure of the parties to timely file the ADR report required by the scheduling order and directed them to show cause with respect to their failure to do so. A mediation certification was filed by Mediator Jerry O. Potter on June 17, 2019, indicating that a mediation conducted May 7, 2019, was unsuccessful. (D.E. 21.)

Fed. R. Civ. P. 41(b) provides for dismissal of actions for failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Hall v. City of Williamsburg*, ___ F. App'x ___, 2019 WL 1470951, at *11 (6th Cir. Apr. 1, 2019) (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). These factors are "merely guideposts or points of departure," *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004), and no one factor is "outcome dispositive," *Hall*, 2019 WL 1470951, at *11 (quoting *Schafer*, 529 F.3d at 737).

The factors support dismissal in this case. As noted above, the Plaintiff failed to respond to the Court's June 7, 2019, show cause order. There is nothing to suggest this failure was due to anything but Plaintiff's willfulness or fault. *See Strunk v. Liberty Ins. Co.*, Case No. 5:18-cv-288-JMH, 2019 WL 2178620, at *2 (E.D. Ky. May 20, 2019) (plaintiff's failure to comply with court's show cause order weighed in favor of dismissal under first factor); *Sims v. McCarter*, Case No. 3:18-cv-00072, 2019 WL 2088832, at *3 (M.D. Tenn. May 13, 2019) (failure to respond to a

show cause order "reflect[s] 'willfulness and fault' for purposes of Rule 41(b)"), *report & recommendation adopted,* 2019 WL 2355108 (M.D. Tenn. June 4, 2019).

Prejudice is present where the adversary was "required to waste time, money, and effort in pursuit of cooperation which [the errant party] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, the Defendant's counsel has expended some time, money, and effort in seeking dismissal of this matter based on Plaintiff's failure to prosecute. Moreover, the necessity of monitoring a case that a plaintiff apparently has no desire to pursue affects the Court's ability to manage its docket. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The power to invoke [the] sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In addition, Sanford was admonished in no uncertain terms in the Court's show cause order that failure to respond thereto would result in dismissal of his complaint. *See Ferrell v. Swing*, No. 4:17-cv-00056, 2019 WL 2195235, at *2 (E.D. Tenn. May 21, 2019) (third factor weighed in favor of dismissal where plaintiff failed to comply with court's orders despite express warning of the possible consequences of such a failure); *Sims*, 2019 WL 2088832, at *4 (warning contained in show cause order that party's failure to respond could lead to a recommendation of dismissal satisfied the prior warning factor).

Generally, lesser sanctions have been determined to be futile where the plaintiff has failed to comply with court orders without explanation, the defendant has spent resources defending an action that appears to have been abandoned, and there does not appear to be an alternative method of preserving the integrity of the judicial process. *See Lanzon v. Cty. of Livingston*, Case No. 18-

12737, 2019 WL 2383471, at *2 (E.D. Mich. May 7, 2019), *report & recommendation adopted*, 2019 WL 2369280 (E.D. Mich. June 5, 2019); *Cruse v. Montrose*, Civil Action 2:18-cv-1542, 2019 WL 162621, at *1 (S.D. Ohio Jan. 10, 2019), *report & recommendation adopted*, 2019 WL 2233323 (S.D. Ohio May 23, 2019); *see also Hall*, 2019 WL 1470951, at *12 ("the district court had discretion to dismiss the case and was not required to impose a penalty short of dismissal"). Nonetheless, the Court recognizes that dismissal with prejudice is an extraordinary sanction. *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514, 521 (6th Cir. 2016); *Robinson v. Samijlenko*, Case No. 1:CV00263, 2018 WL 3619372, at *4 (N.D. Ohio July 30, 2018). The Court also notes that Sanford is represented by counsel and the shortcomings enumerated herein appear to be directly attributable to his attorney. Thus, the Court finds that the lesser sanction of dismissal without prejudice is appropriate. *See Hutchinson v. Sterling Mgmt. Ltd.*, Case No. 15-11158, 2016 WL 4771398, at *3 (E.D. Mich. June 29, 2016) (where factors supported dismissal under Rule 41(b) but failures were the fault of counsel, dismissal without prejudice was warranted), *report & recommendation adopted*, 2016 WL 4761947 (E.D. Mich. Sept. 13, 2016).

Based on the foregoing, this action is DISMISSED without prejudice.

IT IS SO ORDERED this 20th day of June 2019.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE